May Term, 1841.

JOHNSON
v.
CLARK.

---

## JOHNSON v. CLARK.

Indebitatus assumpsit does not lie on a collateral undertaking.

In assumpsit on a collateral undertaking, the declaration should show the consideration of the promise and the circumstances under which it was made.

ERROR to the *Marion* Circuit Court.

SULLIVAN, J.—The facts of this case, as disclosed by the record, were, that one *Pogue* and the defendant *Clark*, by a written contract dated the 5th of *November*, 1838, in consideration of a horse of the value of 75 dollars delivered to them by the plaintiff *Johnson*, undertook to perform certain repairs on his dwelling-house, &c. The work was to be completed on or before the 1st of *February*, 1839. Previously to the expiration of the time for the performance of the work, viz. on the 30th of *January*, 1839, a new contract in reference to the same work, by which the repairs to be done were materially changed, was entered into between *Johnson* and *Pogue*. To the latter contract *Clark* was not a party; but previously to its execution, *Clark* wrote a letter to *Johnson* in which he promised " that if *Johnson* and *Pogue* should make a new contract, he would stand good for the performance of 75 dollars' worth of said work, and for which he was already bound in an article with said *Pogue* bearing date the 5th of *November*, 1838." *Pogue* failed to perform, and *Johnson* commenced the present suit.

The declaration contains three counts in indebitatus assumpsit. The first is for a horse sold and delivered to one *John Pogue* at the special instance and request of the defendant; the second for a horse sold and delivered to the defendant; and the third for a horse sold and delivered to defendant and one *John Pogue*, also for goods sold and delivered, money had and received, &c. Plea, non assumpsit. Verdict and judgment for the defendant.

The only question is, whether *Johnson* can recover from *Clark* in this form of action? We are of opinion that he cannot. The contract of the 5th of *November*, 1838, was annulled by the subsequent contract of the 30th of *January*. To the latter contract *Clark* was not a party. By his letter of the 21st of *January*, he undertook to guaranty the performance of 75 dollars' worth of work by *Pogue*. On the failure of *Pogue* to do the work, a right of action accrued to *Johnson* against *Clark*, but only on his special agreement. *Clark* being collaterally liable only, the declaration should show as well the consideration of his promise, as the special circumstances under which it was made.

May Term, 1841.

JOHNSON
v.
CLARK.

*Thursday, June 3.*

May Term,
1841.

*Per Curiam.*—The judgment is affirmed with costs.

*H. Brown*, for the defendant.